UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLYNN LETERREL WELLS,

        Petitioner,                    Case No. 1:08-cv-1104

v.                                        Honorable Robert Holmes Bell

MARY BERGHUIS,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust his state-court remedies.

**Factual Allegations**

Petitioner is incarcerated in the E.C. Brooks Correctional Facility (LRF). The instant petition concerns a misconduct conviction that Petitioner incurred at LRF for possession of a weapon. The misconduct report states that on November 20, 2007, Petitioner was placed in a control center holding cell after the cell had been searched. *See* Major Misconduct Report, docket #1-2, at 3. Petitioner was removed from the cell and strip searched. Nothing was found during the strip search. *Id.* After the strip search, Petitioner was escorted back to the holding cell. *Id.* At that time, officers discovered a homemade weapon on the corner of the holding cell. *Id.* The weapon was a flattened piece of metal, 8 1/2" long and 1" wide, that was sharpened to a point on one end. *Id.* Following an administrative hearing on November 20, 2007, the hearing officer found Petitioner guilty of the offense. *See* Major Misconduct Hearing Report, docket #1-2, at 4. The hearing officer found that Petitioner had hidden the weapon in the corner of the holding cell in anticipation of being strip searched. *Id*. Petitioner was sentenced to thirty days of detention and thirty days loss of privileges. *Id.* In addition, Petitioner lost good time credit for the month of his conviction. *See* MICH. COMP. LAWS § 800.33.

Petitioner appealed his misconduct conviction in the Macomb County Circuit Court. Petitioner's allegations regarding the circuit court proceedings are unclear, but the case record from the Michigan Court of Appeals indicates that the circuit court issued an order disposing of Petitioner's case on March 21, 2008. *See Wells v. Dep't of Corr.*, Mich. Ct. App. Case No. 285062. Petitioner attempted to file an appeal in the Michigan Court of Appeals, but the appeal was not filed due to Petitioner's non-payment of the filing fee. *Id.* Petitioner then sought leave to appeal in the Michigan Supreme Court. Petitioner's appeal was dismissed by the supreme court for failure to pay the initial partial filing fee. *See Wells v. Dep't of Corr.*, Mich. Case No. 137015.

Petitioner, who refers to himself as "Debtor, i.e. GLYNN WELLS©, Authorized Representative, i.e. :Glynn-Leterrel:©," now brings this habeas corpus action claiming that the hearing officer violated his constitutional and common law rights in the misconduct proceedings when he (verbatim):

> (1) relied on an unidentified informant, without stating, in the record, that the (unidentified and unsworn) informant's 'kite' is/was factual rather than conclusory and established with specificity that the informant spoke from personal knowledge, (2) failed and refused to allow and or provide prior to the 12/03/07 hearing petitioner's requested legal material which was requested between 11/23/07-11/26/0[7], to prepare for a defense.  This information is on the record that the MDOC has regarding the major misconduct in question, (3) failed and refused, to state, in the record, nothing, about the exculpatory evidence, i.e. <u>video tape</u>, that was also requested on or about 11/26/07, to the 12/03/07 hearing, that if provided, would have resulted in a not guilty finding, (4) failed and or refused to, state in the record, the substance of Secured Party's Affidavit/Addendum; and, Objection, with both being notorized.  see Exhibits 14 & 15, (6) failed and or refused to allow petitioner to submit rebuttal evidence after petitioner hearing for the first time several witness statements/memorandums, i.e. expanded information, (7) failed and or refused to hear live witness(es) testimony.  See, Exhibit 17, (8) failed and or refused to apply law regarding Debtor's, i.e. GLYNN WELLS© /s/ authorized representative, i.e. :Glynn-Leterrel:© Copyrighted Trademark/Tradename, and his Sovereign Secured Part status.  See, Exhibits 18 through 30, (9) failed or refused to, state, in the record, and allow the claim of retaliatory against Inspector Irvin, the juristic person.  See Exhibits 32 & 33; and, (10) was overwhelmingly and personally bias[ed] against the Debtor's Authorized Representative.

(Pet., 22-23, docket #1.)

### **Discussion**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4,

6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner essentially argues that he satisfied the exhaustion requirement by attempting to appeal his claims in the Michigan appellate courts. Petitioner, however, failed to properly perfect an appeal in the Michigan Court of Appeals or the Michigan Supreme Court. Both of Petitioner's appeals were dismissed for non-payment of the filing fee. Thus, the state appellate courts did not have a fair opportunity to rule on the merits of Petitioner's claims. Petitioner, therefore, fails to satisfy the exhaustion requirement.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has one year from the March 21, 2008 decision of the circuit court, until March 21, 2009, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. See MICH. CT. R. 7.205(F). Thus, Petitioner still has time to appeal the circuit court's decision to the Michigan Court of Appeals. After that, he may seek leave to appeal in the Michigan Supreme Court. Because Petitioner has an available state-court remedy, the Court will dismiss the petition without prejudice.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he failed to exhaust his state-court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: <u>December 18, 2008</u>         /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE